UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAGHAVENDRAN SHANKAR,<br><br>Defendant. | No. 2:25-MJ-00665-ACE<br><br>ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 14** |

On Monday, November 3, 2025, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 14). Defendant was represented by Federal Defender Corey Endo. Assistant United States Attorney Brian Wynne represented the United States.

The Court has considered the Complaint, the Pretrial Services Report, the Supplemental Pretrial Services Report, and the arguments of counsel.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released

ORDER - 1

on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.").

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance

ORDER - 2

at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The United States contended that if released, Defendant would present both a risk of nonappearance and a danger to the safety of the community. ECF No. 14. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.

As to the first factor—the nature and circumstances of the offense—Defendant is charged with Threat to Assault or Murder a United States Judge. ECF No. 1. The allegations on their face are serious. Although there were no firearms or other weapons recovered or known steps taken to carry out the threatened actions, the threats were precise, detailed, frequent and by different

///

ORDER - 3

means, creating a grave risk of danger to the legal community. Therefore, this factor weighs in favor of detention.

As to the second factor, the weight of the evidence is the least important factor, and Defendant is entitled to a presumption of innocence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). Nevertheless, the threats occurred by email, voicemail and pleadings on the docket and were received by multiple people within the court system.[1] Therefore, this factor weighs in favor or detention as well.

As to the third factor—Defendant's history and characteristics—Defendant has no criminal history or history of substance abuse. Defendant has been diagnosed with a bipolar disorder and has the support of his family. However, Defendant was receiving treatment and participating fully in therapy when the alleged offense occurred. Therefore, the Court treats this factor as neutral.

As to the fourth factor—the nature and seriousness of the danger Defendant would pose to the community if released—Defendant's current charge and the

///

---

[1] The issue of whether these are true or conditional threats is one that remains for the District Court to decide. At this juncture, this Court treats them as true threats.

ORDER - 4

circumstances related to the alleged offense support detention. Given Defendant's serious threats which strike at the heart of the judicial process, and the environment of fear caused by those communications, there is simply too great of a risk that Defendant would not abide by any conditions this Court could set to mitigate Defendant's risk to the safety of the community.

Said another way, at present Defendant has offered no new protective factors to address the risk of a repetition of this behavior. Neither GPS monitoring nor other conditions address the concern that the present state of treatment is insufficient to prevent repetition of offense behavior which appears to stem from a mental condition that is at present insufficiently controlled. Some additional medical and/or therapeutic intervention will need to be proffered to re-open the matter of detention. To release the Defendant on this record would be an exercise in hope over past experience (by allegations in the complaint). Therefore, this factor weighs in favor of detention.

Upon consideration of the foregoing four factors, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required. However, the United States has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by

ORDER - 5

conditions or a combination of conditions of release. Defendant's detention is required pursuant to 18 U.S.C. § 3142.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 14**) is **GRANTED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial

services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions shall be heard on the following Monday docket or as soon as practicable.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 p.m. docket.

   4. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id.*

///

ORDER - 7

5.  Defendant is bound over to Chief Judge Stanley A. Bastian for further proceedings.

**IT IS SO ORDERED**.

DATED November 3, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 8